# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

April 6, 2018

ECF and Email to Chambers
The Honorable Allyne R. Ross
Senior United States District Court
Eastern District of New York
Brooklyn, New York 11201

       **RE:**   **U.S.A. v. Amaury Rosario**, 99 CR 533, 12 CV 3432 (ARR)

Your Honor:

      I respectfully submit this letter responding to the government's argument that Mr. Rosario's re-sentencing is only on the counts carrying a life sentence, not on all counts. The government's position is foreclosed by Second Circuit precedent.

Legal Argument

      The text of 28 U.S.C. § 2255 grants the Court broad authority to "vacate and set the judgment aside," and to "resentence . . . or correct the sentence as may appear appropriate." 18 U.S.C. § 2255(b). This Court's 4/8/14 Order, ECF 13, Docket 12 CV 3432, granting the pending petition, contemplated vacating and reconsidering the sentence in its entirety: "With the agreement of the parties, the sentence is vacated." In briefing dating back to 2014, the government sought no limitations on the breadth of this authority – and for good reason.

      The issue of whether a district court can resentence a defendant on all of the judgment or just part of it comes up often – usually with the defendant seeking to restrict the Court's authority. The key Second Circuit cases arise in situations where a mandatory enhancement, e.g. 18 U.S.C. § 924(c), is invalidated. Where the case is remanded and the defendant faces resentencing on the remaining counts, the government has consistently urged the position adopted by the Second Circuit: that where one part of a sentence is vacated, the district court can revisit the entirety of the sentence on related counts, in order to achieve an intended overall sentence. This has become known as the "sentencing package" doctrine. *See United States v. Chaklader*, 232 F.3d 343, 346 (2d Cir. 2000) (district court may "revise upward one component of a sentence after another component was held to have been invalidly imposed.")

1

The *Chaklader* court reviews the history of the doctrine:

> This power has been established by a line of cases beginning with *McClain v. United States*, 676 F.2d 915, 917-18 (2d Cir.1982) (*McClain II*). There the defendant had initially received a total sentence of twenty-five years: fifteen for bank robbery and ten to run consecutively for using a firearm during the robbery in violation of 18 U.S.C. § 924(c) (1982). The defendant collaterally attacked the sentence and [the Second Circuit] invalidated the § 924(c) enhancement, vacated the entire sentence, and remanded for resentencing. *See McClain v. United States*, 643 F.2d 911 (2d Cir.1981). At resentencing, the district court increased the sentence for the bank robbery from fifteen to twenty years, a sentence we upheld in *McClain II* because the sentences for the enhancement and the underlying offense were "truly interdependent." 676 F.2d at 918.
>
> We subsequently explained our rationale for allowing the increase at resentencing in *McClain II*: The District Judge [in *McClain II* ] ... had felt himself bound by section 924(c) to impose a mandatory consecutive sentence to whatever sentence he imposed on the bank robbery count. Apparently wishing to impose an aggregate sentence of twenty-five years, he selected a fifteen-year term for the robbery count and added a ten-year consecutive sentence under section 924(c). Since the judge had most likely given a shorter term on the robbery count than he would have given had he not felt bound to impose a consecutive sentence on the section 924(c) count, he was afforded an opportunity to increase the robbery sentence. *United States v. Pisani*, 787 F.2d 71, 73 (2d Cir.1986).
>
> We have frequently reaffirmed the *McClain II* holding. *See United States v. Gordils*, 117 F.3d 99, 102-04 (2d Cir.1997) (upholding increase in sentence for counts remaining after § 924(c) conviction was collaterally attacked and vacated by district court); *United States v. Vasquez*, 85 F.3d 59, 61 (2d Cir.1996) (vacating § 924(c) conviction and remanding for resentencing with instructions that the district court may increase sentence for related counts); *United States v. Diaz*, 834 F.2d 287, 289-90 (2d Cir.1987) (upholding increase in sentence for counts remaining after § 924(c) conviction was reversed and entire sentence was vacated and remanded); *cf. Versaglio*, 85 F.3d at 948-49 (permitting increase of fine after invalidation of imprisonment component of sentence); *United States v. Bohn*, 959 F.2d 389, 394-95 (2d Cir.1992) (permitting consideration of imprisonment upon resentencing after reduction of fine on appeal); *United States v. Young*, 932 F.2d 1035, 1037-38 (2d Cir.1991) (invalidating the restitution component of a sentence but permitting the sentencing court upon remand to impose a fine instead); *United States v. Gelb*, 944 F.2d 52, 58-60 (2d Cir.1991) (permitting a judge, upon resentencing, to impose a total sentence that conformed to his original intent by increasing the sentence for one count where the sentences for the two other counts had been invalidated and where the trial judge regarded the three offenses as "fungible").
>
> *Chakleder*, 232 F.3d at 346-47.

      The sentencing package doctrine governs a § 2255 resentencing. *United States v. Gordils*, 117 F.3d 99, 102–03 (2d Cir. 1997) ("in regard to the text of § 2255 . . . [a] district court's power extends not just to the conviction attacked by a defendant but to 'an aggregate, indivisible term of imprisonment....'").

      As recently as March 28, 2018, the Second Circuit spoke to the continued viability of the sentencing package doctrine. In a Summary Order, *United States v. Praddy, et. al,* --- Fed.Appx. ----, 2018 WL 1513558 (2d Cir. March 28, 2018), a case in which the district court increased sentences on remaining counts after a §924(c) count had been vacated. The Circuit stated that "the district court did not err by exercising its broad discretion to determine its own resentencing package." In *Praddy*, at 3, the Circuit observes that the defendant entered the appeal and resentencing with "no entitlement or expectation that [a] sentence on each count would remain identical if one or more of [the] convictions were successfully vacated.") *Id.* The same must be said for the government in the instant case. It defies the very purpose of *Miller* for the government to insist upon an entitlement to form over substance here.

      Finally, it bears noting that the guidelines calculations in the Original Presentence Report, at pp. 7-9, inextricably intertwined the Hobbs Act counts with the homicide counts. Counts 1 and 2 (the Hobbs Act counts) drew their base offense levels from Counts 4 through 7 (the 18 U.S.C. § 924(j)). *See, e.g.,* PSR, para. 22 (cross referencing U.S.S.G. 2B3.1(c)(1) (robbery) with U.S.S.G. 2A1.1(homicide) and using the higher level). The only "fixed" count is the 10-year mandatory count (Count 3). Thus, all counts except the mandatory consecutive Count 3 were driven by then-mandatory pre-*Booker* guidelines of life, a result contrary to the Eighth Amendment and *Miller*.

<u>Conclusion</u>

      For all of these reasons, the Court possesses the discretion to determine its own resentencing package. To reach an aggregate sentence of 25 years, the Court could resentence Mr. Rosario to 15 years to run concurrent on Counts 1, 2, 4, 5, 6, and 7, with 10 years on Count 3 to run consecutive.

      Thank You for Your continued attention to this case.

      Respectfully Submitted,

      */s/ Jan Rostal*

      JAN A. ROSTAL, ESQ.
      Jan_Rostal@fd.org

cc:    AUSA Benjamin Saltzman, Esq. and AUSA Douglas Pravda, Esq.
       Probation Officer Victoria Main
       Amaury Rosario 49381-019